UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MEIJER, INC. and MEIJER DISTRIBUTION, INC., on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE, TEVA PHARMACEUTICAL INDUSTRIES LTD., and TEVA PHARMACEUTICALS,<br><br>Defendants. | Civil Action No. 12-1218(WHW)(MCA)<br><br><br><br>ORDER OF CONSOLIDATION |

THIS MATTER HAVING been opened to the Court by Plaintiffs Meijer, Inc. and Meijer Distribution, Inc. (collectively, "Plaintiffs") in the presence of all counsel of record, and no opposition having been filed to the motion to consolidate, and good cause appearing,

IT IS THIS 14th day of May, 2012

ORDERED as follows:

1. All related direct purchaser cases concerning the prescription pharmaceutical Lamictal ("the Actions")[1] are to be consolidated for all purposes including trial, under Civil Action 12-995(WHW)(MCA), (collectively the "Consolidated Action"), and shall bear the following caption:

| | |
|---|---|
| IN RE LAMICTAL DIRECT PURCHASER ANTITRUST LITIGATION | Civil Action No. 12-995(MHW)(MCA) |

---

[1] The related cases include *Louisiana Wholesale Drug Company v. Smithkline Beecham Corporation*, No. 12-995 (WHW)(MCA), *Miejer, Inc., et al. v. Smithkline Beecham Corp.*, Civil Action No. 12-1218 (WHW)(MCA) and *King Drug Company of Florence, Inc. v. Smithkline Beecham Corporation*, No. 12-1607 (WHW)(MCA).

2. All papers filed in connection with the Consolidated Action need only be filed in Civil Action No. 12-995(WHW)(MCA).

3. This Order shall apply to each action subsequently filed in or transferred to the United States District Court of New Jersey filed on behalf of direct purchasers of the prescription pharmaceutical Lamictal from Defendants arising from the same facts and circumstances and making substantially the same allegations as those asserted in the Consolidated Action. Any such subsequently filed action shall be automatically consolidated into this action.

4. The law firms of Grant & Eisenhofer, P.A. and Carella, Byrne, Cecchi, Olstein, Brody & Agnello are appointed Interim Lead Counsel in the Consolidated Action.

5. Lead Counsel shall provide general supervision of the activities of plaintiffs' counsel and shall have the sole authority to perform or delegate as appropriate:

    a. determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of the Plaintiffs on all matters arising during pretrial proceedings;

    b. coordinate the initiation and conduct of discovery on behalf of Plaintiffs consistent with the requirements of the Federal Rules;

    c. conduct settlement negotiations on behalf of Plaintiffs;

    d. delegate specific tasks to other counsel in a manner to ensure that pretrial preparation for the Plaintiffs is conducted efficiently and effectively;

    e. enter into stipulations and/or agreements with opposing counsel as necessary for the conduct of the litigation;

    f. monitor the activities of all counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided;

    g. allocate the distribution of attorneys' fees and reimbursement of expenses ordered by the Court, if any; and

    h. perform such other duties as may be incidental to the proper coordination of plaintiffs' pretrial activities or authorized by further order of the Court.

6. The parties shall consult with each other to coordinate a schedule for filing a Consolidated Amended Complaint and for responding to that complaint; Defendants do not need to respond to the existing complaints. In the event that the parties are unable to agree, they shall submit their positions to the undersigned by letter.

HON. Madeline Cox Arleo, USMJ

3