**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| IN RE LAMICTAL DIRECT PURCHASER ANTITRUST LITIGATION | : : : : | **ORDER** |
| THIS DOCUMENT RELATES TO: ALL DIRECT PURCHASER ACTIONS | : : : : | Civ. No. 12-995 (WHW) |

**Walls, Senior District Judge**

　　The Court grants the Federal Trade Commission's ("FTC") motion to file an amicus brief in connection with the Defendants' pending motions to dismiss.

　　A federal district court has broad discretion to allow briefing by amicus curiae. *Prof'l Drug Co. Inc. v. Wyeth Inc.*, No. 11-5497, 2012 WL 4794587, at *1 (D.N.J Oct. 3, 2012); *Liberty Lincoln Mercury, Inc. v. Ford Marketing Corp.*, 149 F.R.D. 65, 82 (D.N.J. 1993). The Third Circuit's application of Federal Rule of Appellate Procedure 29—which governs the appearance of amici in circuit courts—may serve as helpful guidance. *See Neonatology Assocs., v. Comm'r of Internal Revenue*, 293 F.3d 128, 130-33 (3d Cir. 2002) (applying Rule 29); *Prof'l Drug*, 2012 WL 4794587, at *1. Rule 29(a) allows federal agencies to file amicus briefs as a matter of right without seeking permission of the court or consent of the parties. Fed. R. App. P. 29(a). Some district courts have adopted that rule. *Clark v. Actavis Group HF*, 567 F. Supp. 2d 711, 718 n.11 (D.N.J. 2008) (relying on Rule 29 and allowing amicus briefing by United States). Other courts distinguish between amicus filings at the trial court and the appellate level, observing that Rule 29 has no direct application to district court practice and that amicus filings may be less

1

**NOT FOR PUBLICATION**

appropriate at the trial level due to the predominance of factual issues. *Smith v. Chrysler Financial Co., LLC*, No. 00-6003, 2003 WL 328719, at *8 (D.N.J. Jan. 15, 2003) (Rule 29 does not apply to district courts and there is no distinction between requests by a private party or a government agency); *Liberty Lincoln*, 149 F.R.D. at 82 (quoting *Yip v. Pagano*, 606 F. Supp. 1566, 1568 (D.N.J. 1985)) (factual issues in trial level may render amicus filings less appropriate). In sum, in the absence of a statutory rule that directly governs district courts, this is a matter where district courts exercise broad discretion. Courts usually consider the following factors: (1) whether the petitioner has a "special interest" in the particular case; (2) whether that interest is already adequately represented by an existing party; (3) the proffered information is timely and useful; and (4) whether the petitioner is partial to a particular outcome in the case. *Prof'l Drug*, 2012 WL 4794587, at *1; *Liberty Res., Inc. v. Philadelphia Housing Auth.*, 395 F. Supp. 2d 205, 209 (E.D. Pa. 2005).

Turning to the facts here, the Court finds that the FTC should be allowed to submit its amicus brief. The FTC is an independent agency charged by Congress to prevent business practices that are anticompetitive, deceptive, or unfair to consumers. A rationale behind Rule 29's allowance for federal agencies to file amicus briefs is that governmental bodies may offer institutional expertise. Michael K. Lowman, *The Litigating Amicus Curiae: When Does the Party Begin After the Friends Leave?*, 41 Am. U. L. Rev. 1243, 1261-62 (1992). The FTC makes a compelling case that its institutional expertise would be useful to the Court. First, the FTC is the primary federal enforcer responsible for bringing antitrust challenges to reverse payment settlements. *See, e.g.*, *FTC v. Watson Pharmaceuticals, Inc.*, 677 F.3d 1298 (11th Cir. 2012); *Schering-Plough Corp. v. FTC*, 402 F.3d 1056 (11th Cir. 2005); First Am. Comp., *FTC v. Cephalon, Inc.*, No. 08-2141, ECF No. 41 (E.D. Pa. filed Aug. 12, 2009); FTC's Br. at 1, 3 (ECF

**NOT FOR PUBLICATION**

No. 89). Second, the FTC has conducted extensive research on the short-term and long-term impacts of authorized generic drugs, a topic that is relevant to this litigation. FTC Br. at 1-2; Teva Opp. Br. at 6 n.5. Lastly, as a federal agency, the FTC has a public policy interest distinct from that of the Plaintiffs or the Defendants in this case, even though the legal arguments advanced by the FTC may overlap with those of a party. The public interest is served here if all views are heard.

It is, on this 7th day of November, 2012:

ORDERED that the FTC's Motion for Leave to File Brief as Amicus Curiae is GRANTED.

<u>s/ William H. Walls</u>

United States Senior District Judge