# COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP

COUNSELLORS AT LAW
PARK 80 WEST - PLAZA ONE ▪ 250 PEHLE AVENUE, SUITE 401 ▪ SADDLE BROOK, N.J. 07663
201-845-9600 ▪ FAX 201-845-9423

Peter S. Pearlman, Esq.
psp@njlawfirm.com
Direct Dial: 551-497-7131
Cell: 201-709-0597

General E-mail: clphk@njlawfirm.com
Internet Address: www.njlawfirm.com

October 6, 2015

**VIA ECF**
Hon. William H. Walls, Senior USDJ
M.L. King, Jr. Federal Building & Courthouse
50 Walnut Street
Newark, NJ 07102

RE: *In Re: Lamictal Antitrust Litig.*,
Master File No. 12-995-WHW-MCA

Dear Judge Walls:

I write on behalf of the Direct Purchaser Class Plaintiffs ("Direct Plaintiffs") in response to the October 5, 2015 letter from counsel for Defendant GlaxoSmithKline LLC ("GSK") (ECF No. 136). While Direct Plaintiffs welcome a conference with the Court, we oppose any stay of this three and a half year old action and suggest, as one of the topics of discussion at the conference, the scheduling of a Rule 16 conference. This case already has been stayed on several occasions at the request of the defendants.

The first complaint in this action was filed on February 22, 2012. Thereafter, on June 25, 2012 a Consolidated Amended Complaint ("CAC") was filed in accordance with this Court's Order of June 5, 2012 (ECF No. 50).

This Court granted all defendants' motions to dismiss Direct Plaintiffs' CAC under Fed. R. Civ. P. 12(b)(6) on December 6, 2012 (ECF No. 106). Plaintiffs appealed that Order, and the Third Circuit stayed the appeal pending the Supreme Court's decision in then pending case of *Federal Trade Commission v. Actavis*. On June 17, 2013, the Supreme Court issued its decision in *Actavis* __ U.S. ___, 133 S. Ct. 2223 (2013). Upon the Supreme Court's decision in *Actavis*, the Third Circuit remanded this case to the this Court, and Direct Plaintiffs filed a motion requesting this Court reconsider its prior decision in light of *Actavis*. On January 24, 2014 this Court affirmed its previous order of dismissal (ECF No. 128). Direct Plaintiffs again appealed, and on June 26, 2015 the Third Circuit vacated and remanded this Court's decision. *King Drug Company of Florence, Inc., et. al. v. SmithKine Beecham*, etc., et. al., 791 F.3d. 388 (3d Cir. 2015). Defendants' petitions for rehearing and rehearing *en banc* were denied by the Third Circuit on September 23, 2015, and the Mandate was issued on that date (ECF No. 135).

**COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP**
COUNSELLORS AT LAW

October 6, 2015
Page 2

This case ought to move forward now, the status of the motion to dismiss the Indirect Plaintiffs' case, notwithstanding. The issues implicated in that motion are completely unrelated to the Direct Plaintiffs' action, and the fact that the defendants and the Indirect Plaintiffs chose to wait nearly three years to resolve them should not prejudice the right of the Direct Plaintiffs to move forward. Neither does the pendency of a Rule 23(f) petition seeking leave to appeal in *In re Modafinil*, relating as it does to class certification raise any issue currently before this Court on the Direct Plaintiffs' case nor does the pendency of the appeals in *In re Effexor* or *In re Lipitor*, also cited by Defendant, which relate to issues concerning the adequacy of those plaintiffs' pleadings—the Third Circuit having found Direct Plaintiffs' pleading here adequate.

                                        Respectfully yours,

                                        */s/ Peter S. Pearlman*

                                        Peter S. Pearlman

PSP:glv
Enclosure
cc:    Hon. Cathy L. Waldor, USMJ (via ECF)
         all Counsel of Record (via ECF only)