**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: LAMICTAL ANTITRUST LITIGATION<br><br>This Document Relates to: | Master File Nos. 12-995 (WHW-CLW) |
| LOUISIANA WHOLESALE DRUG CO., INC., on behalf of itself and all others similarly situated,<br>　　　　　Plaintiff,<br>v.<br>SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE, TEVA PHARMACEUTICAL INDUSTRIES LTD., and TEVA PHARMACEUTICALS,<br>　　　　　Defendants. | Case No. 2:12-CV-00995 (WHW-CLW) |
| KING DRUG COMPANY OF FLORENCE, INC., on behalf of itself and all others similarly situated,<br>　　　　　Plaintiff,<br>v.<br>SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE, TEVA PHARMACEUTICAL INDUSTRIES LTD., and TEVA PHARMACEUTICALS,<br>　　　　　Defendants. | Case No. 2:12-CV-01607 (WHW-CLW) |
| ROCHESTER DRUG CO-OPERATIVE, INC., on behalf of itself and all others similarly situated<br>　　　　　Plaintiff,<br><br>v.<br><br>SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE, TEVA PHARMACEUTICAL INDUSTRIES LTD., and TEVA PHARMACEUTICALS<br><br>　　　　　Defendants. | Case No. 15-CV-8034 (WHW-CLW) |
| In re: LAMICTAL INDIRECT PURCHASER AND ANTITRUST CONSUMER LITIGATION<br><br>This Document Relates to: | Master File No. 2:12-CV-05120-WHW-CLW |
| CAROLYN MCANANEY, on behalf of herself and all others similarly situated, and INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 38, HEALTH AND WELFARE FUND, on behalf of itself and all others similarly situated<br>　　　　　Plaintiffs, | Case No. 2:12-CV-05120-WHW-CLW |

|   |   |
|---|---|
| v.<br><br>SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE, TEVA PHARMACEUTICAL INDUSTRIES LTD., and TEVA PHARMACEUTICALS<br><br>                      Defendants.<br><br>INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 595 HEALTH AND WELFARE FUND, on behalf of itself and others similarly situated<br>                      Plaintiff,<br><br>v.<br><br>GLAXOSMITHKLINE LLC, TEVA PHARMACEUTICAL INDUSTRIES LTD., and TEVA PHARMACEUTICALS<br><br>                      Defendants. | Case No. 2:12-CV-06721-WHW-CLW |

## [Proposed] PRETRIAL SCHEDULING ORDER

This matter having come before the Court for an initial scheduling conference pursuant to Fed. R. Civ. P. 16 on February 8, 2016; and for good cause shown,

IT IS on this 1st day of March, 2016,

ORDERED that:

### SCHEDULE

The following schedule shall govern the proceedings in this action:

| Event | Deadline |
|---|---|
| Telephone status conferences to be initiated by Plaintiffs |  |
| If the parties are not able to reach agreement on a Discovery Confidentiality Order, competing proposals to be provided to the Court by this date. In the interim, the Court hereby enters the Discovery Confidentiality Order annexed as Appendix S to the Local Civil Rules of the District of New Jersey, which shall remain in effect until further Order of the Court. | February 29, 2016 |

-2-

| | |
|---|---|
| If the parties are not able to reach agreement on a protocol for discovery of documents and electronically stored information, competing proposals to be provided to the Court by this date. | March 3, 2016 |
| Deadline to add new parties or amend pleadings, whether by amended or third party complaint, without leave of Court or agreement among the Parties. Excepted is the deadline for filing an amended answer in response to an amended complaint. | August 15, 2016 |
| Document production, which shall proceed on a rolling basis, to be completed. Privilege logs identifying redacted or withheld documents will be produced on a rolling basis within 30 (thirty) days of the corresponding production. | January 9, 2017 |
| Fact discovery closes, except for requests for admissions pertaining to admissibility of evidence. Discovery requests must be served to be answerable by this date. | March 9, 2017 |
| Plaintiffs to serve expert reports | April 4, 2017 |
| Defendants to serve opposition expert reports | July 17, 2017 |
| Plaintiffs to serve rebuttal expert reports | September 15, 2017 |
| Depositions of expert witnesses to be completed and expert discovery shall close. | November 15, 2017 |
| Plaintiffs to file and serve motions for class certification | December 1, 2017 |
| Defendants to file and serve their oppositions to motions for class certification | January 16, 2018 |
| Plaintiffs to file and serve replies in further support of their motions for class certification | February 15, 2018 |

## DISCOVERY & MOTION PRACTICE

No discovery motion or motion for sanctions for failure to provide discovery shall be made without leave of Court. Counsel shall confer in good faith and attempt to informally resolve any discovery disputes before seeking the Court's intervention. Should such informal efforts fail, the aggrieved party shall bring the dispute to the Court's attention in the first instance by letter. Thereafter, the Court may schedule a telephonic discovery conference pursuant to Fed. R. Civ. P. 26(f) to resolve the dispute and/or may authorize the filing of a motion. See L. Civ. R. 16.1(f). Discovery letters shall be submitted on the Court's ECF system unless they contain or attach information which a party believes should not be filed on the docket, in which event it may be submitted to the Court via e-mail. Courtesy Copies of letters or motion papers relating to discovery or scheduling matters are not necessary.

HON. CATHY L. WALDOR
UNITED STATES MAGISTRATE JUDGE

*- The Court will hold a telephone conference, to be initiated by Plaintiff, on 7/12/16 @ 10:00 A.M.

-4-