UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: LAMICTAL ANTITRUST LITIGATION<br><br>This Document Relates to: | Master File Nos. 12-995 (WHW-CLW); 12-5120 (WHW-CLW) |
| LOUISIANA WHOLESALE DRUG CO., INC., on behalf of itself and all others similarly situated,<br>            Plaintiff,<br>v.<br>SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE, TEVA PHARMACEUTICAL INDUSTRIES LTD., and TEVA PHARMACEUTICALS,<br>            Defendants. | Case No. 2:12-CV-00995 (WHW-CLW) |
| KING DRUG COMPANY OF FLORENCE, INC., on behalf of itself and all others similarly situated,<br>            Plaintiff,<br>v.<br>SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE, TEVA PHARMACEUTICAL INDUSTRIES LTD., and TEVA PHARMACEUTICALS,<br>            Defendants. | Case No. 2:12-CV-01607 (WHW-CLW) |
| ROCHESTER DRUG CO-OPERATIVE, INC., on behalf of itself and all others similarly situated<br>            Plaintiff,<br><br>v.<br><br>SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE, TEVA PHARMACEUTICAL INDUSTRIES LTD., and TEVA PHARMACEUTICALS<br><br>            Defendants. | Case No. 15-CV-8034 (WHW-CLW) |
| In re: LAMICTAL INDIRECT PURCHASER AND ANTITRUST CONSUMER LITIGATION<br><br>This Document Relates to: | Master File No. 2:12-CV-05120-WHW-CLW |
| CAROLYN MCANANEY, on behalf of herself and all others similarly situated, and INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 38, HEALTH AND WELFARE FUND, on behalf of itself and all others similarly situated<br>            Plaintiffs, | Case No. 2:12-CV-05120-WHW-CLW |

|   |   |
|---|---|
| v.<br><br>SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE, TEVA PHARMACEUTICAL INDUSTRIES LTD., and TEVA PHARMACEUTICALS<br><br>                                  Defendants. |   |
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 595 HEALTH AND WELFARE FUND, on behalf of itself and others similarly situated<br>                                  Plaintiff,<br><br>v.<br><br>GLAXOSMITHKLINE LLC, TEVA PHARMACEUTICAL INDUSTRIES LTD., and TEVA PHARMACEUTICALS<br><br>                                  Defendants. | Case No. 2:12-CV-06721-WHW-CLW |

## **DISCOVERY CONFIDENTIALITY ORDER**

It appearing that discovery in the above-captioned action is likely to involve the disclosure of confidential information, it is ORDERED as follows:

1. Any party to this litigation and any third-party shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) that the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and Local Civil Rule 5.3. Any party to this litigation or any third party covered by this Order who produces or discloses any Confidential

material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Confidential").

2. Any party to this litigation and any third-party shall have the right to designate as "Attorneys' Eyes Only" and subject to this Order any information, document, or thing, or portion of any document or thing that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. Any party to this litigation or any third party who is covered by this Order, who produces or discloses any Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Attorneys' Eyes Only").

3. All Confidential and Attorneys' Eyes Only material shall be used by the receiving party solely for purposes of the prosecution or defense of this action; shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose; and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 4, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court. It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of Confidential and Attorneys'

Eyes Only material, provided that such advice and opinions shall not reveal the content of such Confidential and Attorneys' Eyes Only material except by prior written agreement of counsel for the parties, or by Order of the Court. In addition, nothing in this Order shall prevent any producing party from using or disclosing its own Confidential and/or Attorneys' Eyes Only material (including deposition, hearing, or trial testimony offered by that party and/or its officers, directors, or employees) as it deems appropriate.

4. Confidential material and the contents of Confidential material may be disclosed only to the following individuals under the following conditions:

   a. Outside counsel (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties;

   b. Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

   c. Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

   d. The Court and court personnel;

   e. Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents in advance to such disclosure;

   f. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation

support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials;

g. The parties. In the case of parties that are corporations or other business entities, "party" shall mean executives who are required to participate in decisions with reference to this lawsuit and

h. Such other persons as counsel for the producing party agrees in advance or as Ordered by the Court.

5. Material produced and marked as Attorneys' Eyes Only may be disclosed only to the following individuals under the following conditions:

   a. Outside counsel;

   b. In-house counsel for the parties, subject to the following conditions: (i) in-house counsel access to Attorneys' Eyes Only material will be available to no more than three (3) designated in-house counsel for each party, who are the in-house legal representatives with primary responsibility for managing this lawsuit and do not have a material role in competitive decision-making; (ii) each in-house counsel must executive a non-disclosure agreement in the form attached hereto as Exhibit A; and (iii) if a producing party gives written notice that it objects to the disclosure of its Attorneys' Eyes Only information to a specific in-house counsel, then no disclosure to that specific individual shall be made until after the objection is resolved either by agreement or Court order;

c. An individual who is a plaintiff in this litigation, but only to the extent he or she needs the material in question to make decisions about managing this lawsuit;

d. Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

e. Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

f. The Court and court personnel;

g. Any deponent if the witness authored or received a copy of the document; if counsel for the receiving party has a good-faith belief that the witness authored, received, played a supervisory role in the creation of, or had personal knowledge of the information contained in the document; or if counsel for the producing party consents in advance to such disclosure;

h. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

i. Such other persons as counsel for the producing party agrees in advance or as Ordered by the Court.

6. Confidential material shall be used only by individuals permitted access to it under Paragraph 4, and Attorney's Eyes Only material shall be used only by individuals

permitted access to it under Paragraph 5. Confidential material, Attorneys' Eyes Only material, copies of any such material, and the information contained therein shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

7. With respect to any depositions at least one party has identified, during the deposition itself, as involving the potential disclosure of Confidential or Attorneys' Eyes Only material of a party to this action, such party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential or Attorneys' Eyes Only, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 4(a), (b), (c), (d) and (f) above and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 4(a), (b), (c), (d) and (f) above during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential or Attorneys' Eyes Only, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 3 and 4.

8. If counsel for a party receiving documents or information designated as Confidential or Attorneys' Eyes Only hereunder objects to such designation of any or all of such items, the following procedure shall apply:

    a. Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or third party shall respond in writing to such objection within 14 days, and shall state with particularity the grounds for asserting that the document or information is Confidential or Attorneys' Eyes Only. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

    b. If a dispute as to a Confidential or Attorneys' Eyes Only designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court initially by telephone or letter, in accordance with Local Civil Rule 37.1(a)(1), before filing a formal motion for an order regarding the challenged designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

9. All requests to seal documents filed with the Court shall comply with Local Civil Rule 5.3.

10. If the need arises during trial or at any Hearing before the Court for any party to disclose Confidential or Attorneys' Eyes Only information, it may do so only after giving notice to the producing party and as directed by the Court. Referencing the confidential

information in papers filed with the Court related to such a hearing may constitute notice for the purposes of this order.

11. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential or Attorneys' Eyes Only material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential or Attorneys' Eyes Only within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential or Attorneys' Eyes Only under this Discovery Confidentiality Order.

12. When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

13. No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential or Attorneys' Eyes Only material under this Discovery Confidentiality Order.

14. This Discovery Confidentiality Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Discovery Confidentiality Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

15. This Discovery Confidentiality Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

16. Upon final conclusion of this litigation, each party or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the originating source or to destroy all originals and unmarked copies of documents and things containing Confidential or Attorneys' Eyes Only material; provided, however, that counsel may retain complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of this Discovery Confidentiality Order. To the extent a party requests the return of Confidential or Attorneys' Eyes Only material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion.

**STIPULATED AND AGREED TO BY:**

Dated: February 29, 2016

GARWIN GERSTEIN & FISHER LLP
Bruce E. Gerstein
Joseph Opper
Ephraim Gerstein
88 Pine Street, 10th Floor
New York, NY 10036
Tel: (212) 398-0055
Fax: (212) 764-6620

ODOM & DES ROCHES, L.L.P.
Stuart E. Des Roches
Andrew W. Kelly
Chris Letter
650 Poydras Street
Suite 2020
New Orleans, LA 70130
Tel: (504) 522-0077
Fax: (504) 522-0078

HEIM, PAYNE & CHORUSH, L.L.P.
Russell Chorush
Miranda Jones
600 Travis, Suite 6710
Houston, Texas 77002
Tel: (713) 221-2000
Fax: (713) 221-2021
*Attorneys for Direct Purchaser Plaintiffs Louisiana Wholesale Drug Co., Inc. and King Drug Company of Florence, Inc.*

s/ Peter S. Pearlman
PETER S. PEARLMAN
COHN LIFLAND PEARLMAN
 HERRMANN & KNOPF LLP
Peter S. Pearlman
Park 80 Plaza West-One
250 Pehle Avenue, Suite 401
Saddle Brook, NJ 07663
Tel: (201) 845-9600
psp@njlawfirm.com

SMITH SEGURA & RAPHAEL, LLP
David C. Raphael, Jr.
Erin R. Leger
3600 Jackson Street, Suite 111
Alexandria, LA 71303
Tel: (318) 445-4480
Fax: (318) 487-1741

Peter R. Kohn
Joseph T. Lukens
Andrew Coyle
FARUQI & FARUQI, LLP
101 Greenwood Avenue
Suite 600
Jenkintown, PA 19046
(215) 277-5770
(215) 277-5771 (fax)
pkohn@faruqilaw.com

David F. Sorensen
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000
(215) 875-4604 (fax)
dsorensen@bm.net
*Attorneys for Rochester Drug Co-operative, Inc.*

**SCOTT+SCOTT, ATTORNEYS AT LAW, LLP**
David R. Scott
drscott@scott-scott.com
Joseph P. Guglielmo (*pro hac vice*)
jguglielmo@scott-scott.com
Donald A. Broggi
dbroggi@scott-scott.com
405 Lexington Ave., 40th Floor
New York, NY 10174
(212) 223-6444

**SCOTT+SCOTT, ATTORNEYS AT LAW, LLP**
Christopher M. Burke (*pro hac vice*)
cburke@scott-scott.com
Walter W. Noss (*pro hac vice*)
wnoss@scott-scott.com
707 Broadway, Suite 1000
San Diego, CA 92101
(619) 223-4565

*Counsel for Indirect Purchaser Plaintiffs McAnaney and IBEW Local 38 and Chair of Indirect Purchaser Steering Committee*

**TUSA P.C.**
Joseph S. Tusa (*pro hac vice*)
joseph.tusapc@gmail.com
P.O. Box 566
53345 Main Road, Ste. 10-1
(631) 407-5100

*Counsel for Indirect Purchaser Plaintiffs McAnaney and IBEW Local 38*

**DEBENEDICTIS & DEBENEDICTIS, LLC**

/s/ Michael J. DeBenedictis
Michael J. DeBenedictis
mjd@debenedictislaw.com
125 Kings Highway West
Haddonfield, NJ 08033
(856) 795-2101

*Liaison Counsel for Indirect Purchaser Plaintiffs*

**SCHNEIDER WALLACE COTTRELL BRAYTON KONECKY LLP**
Todd M. Schneider
tschneider@schneiderwallace.com
Jason H. Kim
jkimschneiderwallace.com
180 Montgomery Street, Suite 2000
San Francisco, CA 94109
(415) 421-7100

**SCHNEIDER WALLACE COTTRELL BRAYTON KONECKY LLP**
Garrett W. Wotkyns
gwotkynsschneiderwallace.com
8501 North Scottsdale Road, Ste 270
Scottsdale, AZ 85253
(480) 428-0144

**LEONARD CARDER LLP**
Aaron Kaufmann
1330 Broadway, Suite 1450
Oakland, CA 94612
(510) 272-0169

*Counsel for Indirect Purchaser Plaintiff IBEW Local 595*

/s/ Michael E. Patunas
**PATUNAS TARANTINO LLC**
Michael E. Patunas
Mayra V. Tarantino
24 Commerce Street, Suite 606
Newark, NJ 17102
(201) 390-0803
mpatunas@patunaslaw.com
mtarantino@patunaslaw.com


**KIRKLAND & ELLIS LLP**
Jay P. Lefkowitz, P.C. (pro hac vice)
Devora W. Allon (pro hac vice)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
lefkowitz@kirkland.com
devora.allon@kirkland.com

Karen N. Walker, P.C. (pro hac vice)
655 Fifteenth Street, N.W.
Washington, D.C. 20005
(202) 879-5000
kwalker@kirkland.com

*Attorneys for Defendants Teva
Pharmaceuticals USA, Inc., and Teva
Pharmaceutical Industries Ltd.*

/s/ Douglas S. Eakeley
**LOWENSTEIN SANDLER PC**
Douglas S. Eakeley
Joseph A. Fischetti
65 Livingston Avenue
Roseland, New Jersey 07068
deakeley@lowenstein.com
jfischetti@lowenstein.com


**PEPPER HAMILTON LLP**
Barbara Mather
Robin P. Sumner
Lindsay D. Breedlove
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103
matherb@pepperlaw.com
sumnerr@pepperlaw.com
breedlovel@pepperlaw.com

*Counsel for Defendant
GlaxoSmithKline LLC*

**PURSUANT TO STIPULATION, IT IS SO ORDERED:**

Dated: March 1, 2016

_____
HON. CATHY L. WALDOR
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: LAMICTAL ANTITRUST LITIGATION<br><br>This Document Relates to:<br>ALL ACTIONS | Master File Nos. 12-995 (WHW- CLW); 12-5120 (WHW-CLW) |

I, _____, being duly sworn, state that:

1. My address is _____.
2. My present employer is _____ and the address of my present employment is _____.
3. My present occupation or job description is _____.
4. I have carefully read and understood the provisions of the Discovery Confidentiality Order in this case signed by the Court, and I will comply with all provisions of the Discovery Confidentiality Order.
5. I will hold in confidence and not disclose to anyone not qualified under the Discovery Confidentiality Order any Confidential or Attorneys' Eyes Only material or any words, summaries, abstracts, or indices of Confidential or Attorneys' Eyes Only material disclosed to me.
6. I will limit use of Confidential and Attorneys' Eyes Only material disclosed to me solely for purpose of this action.
7. [For outside experts or consultants]: No later than the final conclusion of the case, I will return all Confidential and Attorneys' Eyes Only material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:_____    _____

[Name]