**COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP**

COUNSELLORS AT LAW



PARK 80 WEST - PLAZA ONE, 250 PEHLE AVE., SUITE 401, SADDLE BROOK, NJ 07663
201-845-9600 • FAX 201-845-9423 • clphk@njlawfirm.com • www.njlawfirm.com
MATTHEW F. GATELY, ESQ.   Email: mfg@njlawfirm.com

June 28, 2016

**Via Electronic Filing**

Hon. William H. Walls, U.S.D.J.
Martin Luther King Building & United States Courthouse
Courtroom 4D
50 Walnut Street
Newark, New Jersey 07101

       Re:    *In re Lamictal Antitrust Litig.*, Master File No. 12-995

Dear Judge Walls:

    Direct Purchaser Plaintiffs ("Plaintiffs") write in response to GSK and Teva's letter dated yesterday renewing their request for a stay of discovery pending the Supreme Court's final ruling on Defendants' pending petition for *certiorari*. *See* Dkt No. 183.

    Defendants' request should be denied. This Court previously denied Defendants' request for a stay advising the parties that proceedings would not be stayed unless the Supreme Court actually granted *certiorari*. *See* Dkt No. 145 (Oct. 26, 2015, status conference). The Supreme Court's invitation to the Solicitor General to address the merits of granting Defendants' petition is not, as Defendants imply, an unusual occurrence nor an indication that *certiorari* will be granted. The Court frequently calls for the views of the Solicitor General as a matter of long-standing, established practice, and the Court routinely declines to grant *certiorari* in such cases. Moreover, since there is no deadline by which the Solicitor General must make its submission to the Court, it is unknown as to when the Court will ultimately rule on the petition.[1] Consequently, nothing has changed concerning Defendants' petition that would warrant any stay of discovery.

    Additionally, though this case was filed well over four years ago, a lengthy period of inactivity already occurred while the case was on appeal. Now that the parties are actively engaged in the discovery process, it would be inefficient and prejudicial to the Plaintiffs for discovery to be stayed.

---

[1] The United States Federal Trade Commission ("FTC") has already expressed its views that the agreement Plaintiffs have challenged here may state an antitrust violation in *amicus* briefs it submitted to the District Court and the Third Circuit.

**COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP**
COUNSELLORS AT LAW

Hon. William H. Walls, U.S.D.J.
June 28, 2016
Page 2

                                              Respectfully submitted,

                                              */s/ Matthew F. Gately*

                                              Matthew F. Gately