# COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP

COUNSELLORS AT LAW

PARK 80 WEST - PLAZA ONE ▪ 250 PEHLE AVENUE, SUITE 401 ▪ SADDLE BROOK, N.J. 07663

201-845-9600 ▪ FAX 201-845-9423

Peter S. Pearlman, Esq.
psp@njlawfirm.com
Direct Dial: 551-497-7131
Cell: 201-709-0597

General E-mail: clphk@njlawfirm.com
Internet Address:  www.njlawfirm.com

September 27, 2016

**VIA ECF**

Hon. Cathy L. Waldor, U.S.M.J.

M.L. King, Jr. Federal Building & Courthouse

50 Walnut Street

Newark, NJ 07102

RE:  *In Re: Lamictal Direct Purchasers Antitrust Litigation*
Master File No. 12-cv-995 (the "Direct Purchaser Action")

Dear Judge Waldor:

At the close of business last night Defendants submitted a letter seeking the Court's relief on disputed discovery issues, without prior notice to the Plaintiffs.  This includes a dispute regarding Defendants' proposed search terms to Plaintiffs which Defendants declared the parties at an impasse in a letter served only moments before filing their letter with the Court.  *See* September 26, 2016 letter from Lindsay Breedlove (attached).

We respectfully request the opportunity to respond to each of the issues raised in a prompt but considered fashion. Defendants propose a schedule for briefing disputes on the issue of downstream discovery; which Plaintiffs join. However, Plaintiffs respectfully request that any briefing schedule the Court sets allow for speedy but careful briefing on all of the issues Defendants have raised. Of course, we will be prepared to discuss the issues raised in Defendants' letter with the Court during the September 28 conference.

Additionally, Plaintiffs wish to raise issues related to Defendants' failure to produce documents responsive to the agreements the parties have reached as to search terms and the scope of responsive materials; which under the terms of the ESI agreement should proceed, on a rolling basis in accordance with ¶D.21 of the ESI Protocol (ECF No. 181) and the Scheduling Order (ECF No. 167 at 3), even as the parties work out remaining discovery disagreements,

So far, Defendants' productions have been limited to documents from the underlying patent litigation, documents related to their NDA/ANDA filings, and the unredacted, executed versions of the patent settlement agreements.  Defendants have to date failed to produce any of the documents relevant to Plaintiffs' Sherman Act allegations such as settlement negotiation documents, documents related to monopoly power, or documents related to causation and damages; notwithstanding the fact that the parties have, over the course of the last several

**COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP**
COUNSELLORS AT LAW

September 27, 2016
Page 2

months of ongoing negotiations, reached agreement on the vast majority of search terms Defendants intend to employ, as to more than two dozen custodians that Defendants have either proposed or identified in response to Plaintiffs' interrogatories, and as to the majority of disputes emanating from Plaintiffs' requests for production.

  The current scheduling order has the parties completing document production by January 9, 2017, with fact discovery closing on March 9, 2017. Plaintiffs are concerned that fact discovery may not be able to be completed by March, 2017 given Defendants' current pace of production, but we intend to move the Court to compel production on a rolling basis forthwith.

      Respectfully submitted,

      */s/ Peter S. Pearlman*

      Peter S. Pearlman

PSP:glv
cc: All Counsel of Record (via ECF only)