## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: LAMICTAL DIRECT PURCHASER ANTITRUST LITIGATION | Master File No. 12-995-WHW-MCA |
| LOUISIANA WHOLESALE DRUG CO., INC., on behalf of itself and all others similarly situated,<br>Plaintiff,<br><br>v.<br><br>SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE, TEVA PHARMACEUTICAL INDUSTRIES LTD., and TEVA PHARMACEUTICALS<br>Defendants. | Case No. 2:12-CV-00995-WHW-MCA |
| KING DRUG COMPANY OF FLORENCE, INC., on behalf of itself and all others similarly situated,<br>Plaintiff,<br><br>v.<br><br>SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE, TEVA PHARMACEUTICAL INDUSTRIES LTD., and TEVA PHARMACEUTICALS<br>Defendants. | Case No. 2:12-CV-01607-WHW-MCA |

## DECLARATION OF DMITRIY TISHYEVICH IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL DIRECT PURCHASER PLAINTIFFS TO PRODUCE SALES AND PRICING DATA

Dmitriy Tishyevich declares as follows:

1.      I am a partner at the law firm of Kirkland & Ellis LLP, counsel for Teva Pharmaceuticals USA, Inc. and Teva Pharmaceutical Industries, Ltd. (together, "Teva"). I submit this declaration in support of Defendants' Motion to Compel Direct Purchaser Plaintiffs to Produce Sales and Pricing Data, in accordance with Local Civil Rule 16.1(g)(1).

2.      I certify that Defendants have conferred with the Direct Purchaser Plaintiffs (the "DPPs") in a good faith effort to resolve by agreement the issues raised by this motion without the intervention of the Court, but that the parties have been unable to reach agreement. The parties' efforts to resolve these issues by agreement included the following.

3.      On March 14, 2016, Pepper Hamilton LLP (counsel for GlaxoSmithKline LLC, "GSK") sent a letter to the DPPs on behalf of both Defendants to address the DPPs' Responses and Objections to Defendants' Joint First Set of Requests for Production of Documents. In that letter, Defendants outlined their objections to the DPPs' position that they will not provide documents or information concerning the DPPs' sales or pricing (so-called "downstream" discovery).

4.      On April 1, 2016, the DPPs responded to Defendants' March 14, 2016 letter, again taking the position that information concerning the DPPs' sales or pricing is not relevant to any claim or defense in this action under controlling Supreme Court precedent.

5.      The parties also discussed the downstream discovery issue in telephonic meet-and-confers on April 4, 2016 and June 3, 2016. The parties were not able to reach agreement on this issue.

6.      On June 8, 2016, the DPPs sent a letter to Defendants, reiterating their position that information concerning the DPPs' sales or pricing is not relevant to any claim or defense in this action.

7.      On July 5, 2016, GSK sent a letter to the DPPs on behalf of both Defendants, again expressing their disagreement with the DPPs' view that documents related to downstream discovery are irrelevant.

8.     On July 27, 2016, Teva sent a letter to the DPPs on outstanding discovery issues. In that letter, Teva noted that it was not addressing certain issues where Teva believed the parties were at an impasse, which included downstream discovery.

9.     On August 9, 2016, GSK sent a letter to the DPPs, similarly noting that GSK would proceed under the assumption that if the DPPs had not agreed to produce the documents Defendants requested as of the date of that letter (again, including downstream discovery), the DPPs did not intend to produce those documents.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 4, 2016          Dmitriy Tishyevich

3