UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: LAMICTAL DIRECT PURCHASER ANTITRUST LITIGATION | Master File No. 12-995-WHW-CLW |
| THIS DOCUMENT RELATES TO: ALL DIRECT PURCHASER ACTIONS | ORDER |

**THIS MATTER** having come before the Court by way of: (1) Defendants' September 26, 2016 letter [Dkt. No. 188]; (2) Plaintiffs' September 26, 2016 letter [Dkt. No. 189]; (3) Plaintiffs' October 24, 2016 letter [Dkt. Nos. 194, 195]; and (4) Defendants' October 27, 2016 letter [Dkt. No. 196];

and the Court having considered the record, the parties' submissions, and applicable law;

and the Court having held a hearing on October 31, 2016;

and for the reasons set forth on the record and for good cause shown,

**IT IS** on this 21 day of December, 2016 **ORDERED** that:

1. Defendants' request to compel Plaintiffs to produce documents dated from January 1, 2005 through February 16, 2008 is granted. Plaintiffs shall produce responsive documents dated from January 1, 2005 through July 21, 2009.

2. Plaintiffs shall provide Defendants with a list of other cases in which they have made class certification filings and provide copies of any applicable protective orders in those cases.

3. Regarding Search Strings 1 through 11 listed in Exhibit A to Defendants' September 26, 2016 letter [Dkt. No. 188-1]:

    a. Defendants' request to compel Plaintiffs to conduct searches by using Search Strings 1 through 8 is denied.

    b. The parties shall meet and confer in good faith regarding Defendants' proposed Search Strings 9 and 10 in an attempt to narrow those search strings, including by adding five drug names of Defendants' choosing to Search String 9. The parties' negotiations of Search Strings 9 and 10 shall encompass Defendants' request that Plaintiffs produce documents that relate to or reflect communications with alleged class members and/or third parties regarding (1) Defendants' drug pricing policies and practices, (2) the availability of generic equivalents of GlaxoSmithKline's products and/or generic equivalents produced by Teva Pharmaceuticals U.S.A., Inc., and/or Teva Pharmaceutical Industries, Ltd.; and/or (3) the settlement of patent infringement litigation by one or both Defendants.

    c. The Parties' dispute regarding Search String 11 is now moot, having been resolved through an agreement reached to resolve Defendants' Motion to Compel Direct Purchaser Plaintiffs to Produce Sales and Pricing Data (ECF No. 201).

4. Plaintiffs' request to compel Teva to extend the date range associated with Teva's response to Plaintiffs' Requests for Production 8 and 18 is granted. The beginning date for Teva's response to Plaintiffs' Requests for Production 8 and 18 is January 1, 2001.

5. Plaintiffs' request to extend the applicable date range for Teva's response to Plaintiffs' Requests for Production 56 through 79 is denied.

_____
Hon. Cathy L. Waldor
United States Magistrate Judge