# COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP

COUNSELLORS AT LAW

PARK 80 WEST - PLAZA ONE 250 PEHLE AVE. SUITE 401 SADDLE BROOK N.J. 07663 201-845-9600 FAX 201-845-9423

General E-mail: clphk@njlawfirm.com
Internet Address: www.njlawfirm.com

**PETER S. PEARLMAN, ESQ.   Email: psp@njlawfirm.com**
**Direct Dial: 551-497-7131 / Cell Phone: 201-709-0597**

June 28, 2017

**VIA ECF**
Honorable Cathy L. Waldor, U.S.M.J.
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 08608

         **Re:**   *In re Lamictal Direct Purchaser Antitrust Litigation*
               Master File No.:  12-cv-995

Dear Judge Waldor:

      Pursuant to the First Amended Pretrial Scheduling Order (ECF No. 215) Plaintiffs respectfully request the Court address a number of outstanding discovery issues, including: (1) GSK's and Teva's failure to complete their outstanding document productions; (2) GSK's and Teva's refusal to produce a number of deposition witnesses; and (3) the consequent need to extend the end date for fact discovery.

      As things currently stand, fact discovery is set to close on July 24, 2017, but Defendants' document productions remain deficient in key areas and they have not provided Plaintiffs with dates certain for the majority of depositions requested by Plaintiffs, Teva has unilaterally refused to designate a witness for several noticed deposition topics under Rule 30(b)(6), and GSK has refused to produce a number of deposition witnesses who, testimony to date has revealed, have important relevant knowledge of key facts. While Defendants have offered a discovery extension of six weeks, that period is clearly insufficient to complete what needs to be done even under optimal circumstances. Therefore, Plaintiffs are requesting respectfully that the Court order: (1) a ten-week extension of all deadlines in this matter, including the completion of fact discovery; and (2) that Defendants remedy all of their discovery deficiencies by July 14, 2017.

**PLAINTIFFS' PROGRESS TO DATE**

      Plaintiffs have endeavored to move as far and as quickly as Defendants' cooperation will allow.  Plaintiffs' first set of requests for production were served over a year ago and their first sets of interrogatories were served in July 2016.  Since then, Plaintiffs have had to seek relief from this court on several occasions relating to Defendants' refusal to provide requested discovery.  *See, e.g.*, ECF Nos. 194, 221, 240.  Additionally, Plaintiffs have continued attempting to meet and confer with Defendants in good faith.  Nonetheless, as set forth below, Defendants' written discovery responses remain deficient.

**COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP**
COUNSELLORS AT LAW

Honorable Cathy L. Waldor, U.S.M.J.
June 28, 2017
Page 2

On May 1, 2017, Plaintiffs provided GSK and Teva with a detailed list of potential deponents and 30(b)(6) topics. Then, on May 19, 2017, Plaintiffs noticed depositions under Rule 30(b)(6). Plaintiffs have repeatedly prompted Defendants to schedule these depositions since then. Plaintiffs' two main obstacles to taking these depositions are Defendants' failure to date to propose dates for such depositions and provide the discovery materials discussed below. As of the date of this letter, Plaintiffs have taken the fact depositions of two GSK fact witnesses David Ballesteros (GSK's product director for Lamictal) and Diane Tulp (GSK's Vice President of Neurohealth), as well as GSK's 30(b)(6) deposition for Topics 18-23, relating to GSK's financial forecasts and projections. Plaintiffs are scheduled to take the deposition of Philip Erickson, Teva's former director of regulatory affairs, tomorrow, June 29, 2017.

## OUTSTANDING DISCOVERY NECESSARY FROM TEVA

1. Outstanding Document Productions:

    a. *Transaction-level chargeback data* – Over two months ago, Plaintiffs asked Teva whether it has indirect customer information, and asked Teva to produce certain transaction-level chargeback data if it did. On May 11, Teva responded that "Teva is continuing to look into this question and will provide a follow-up response." As of this writing, more than 6 weeks later, Teva has yet to provide a response. On June 19, 2017, and again on June 21, 2017, Plaintiffs reminded Teva of its obligation to provide this data, and asked it to do so, and respond to related questions, no later than June 23, 2017. Again, Teva failed to respond. The transaction-level chargeback data is an important component to determining the net sales price paid by direct purchasers on purchases of Lamictal products and will be used by Plaintiffs' expert economists when determining class-wide impact and damages.

    b. *Manufacturing documents* – On June 16, 2017, Teva's counsel informed Plaintiffs that certain documents responsive to Plaintiffs' document requests, related to Teva's process validation, batches, batch production tracking and launch team meeting minutes for generic Lamictal, were recently discovered and being extracted from archives – even though the deadline for completion of document production expired on March 9, 2017. Teva promised to produce these documents. Plaintiffs reminded Teva of this promise on June 21, 2017, and requested that Teva complete its productions no later than July 7, 2017. Teva has been non-responsive. These documents are crucial to Plaintiffs' ability to establish Teva's ability to manufacture generic Lamictal in the but-for world, and Plaintiffs need sufficient time to analyze these yet-to-be-produced documents before taking depositions on these issues.

**COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP**
COUNSELLORS AT LAW

Honorable Cathy L. Waldor, U.S.M.J.
June 28, 2017
Page 3


2.  Date(s) for Teva's 30(b)(6) deposition – Teva has been on notice of Plaintiffs' 30(b)(6) topics since the parties' May 1, 2017 conference call. Plaintiffs served a Rule 30(b)(6) notice consisting of 23 topics on Teva on May 19, 2017. In response to Teva's request, on May 31 2017, Plaintiffs proposed dates for the various 30(b)(6) topics. To date, Teva has not agreed to or proposed a single date for any of the 30(b)(6) topics on which it has agreed to produce a witnesses. On June 21, 2017, Plaintiffs renewed our request that Teva propose dates and location(s) for its Rule 30(b)(6) deposition no later than June 30, 2017. Moreover, as discussed in more detail below, Teva has stated that it will not produce a witness to testify on 14 of Plaintiffs' 23 Rule 30(b)(6) topics.

3.  Dates for Depositions of individual Teva witnesses – Plaintiffs only have concrete depositions dates for two of the Teva witnesses for whom they have requested dates. Teva has not yet proposed dates for the depositions of two employees who have responsibility for its Lamictal forecasts, Maureen Cavanaugh and Kevin Galownia. Plaintiffs requested that Teva propose dates and locations for the foregoing depositions by June 30, 2017.

4.  Response to Plaintiffs' Privilege Log Challenges – Plaintiffs sent a letter raising certain privilege log challenges on June 12, 2017. Having received no response, on June 21, 2017, Plaintiffs requested that Teva respond no later than June 30.

## TEVA'S REFUSAL TO PROVIDE RULE 30(b)(6) WITNESSES

Plaintiffs served notice of Rule 30(b)(6) deposition on Teva on May 19, 2017, which contained 23 topics. Of these, Teva has refused to provide a Rule 30(b)(6) witness for 14 topics encompassing (a) its positions on the strength of the disputed Lamictal patents; (b) the sales data it has produced during the discovery phase of this litigation; (c) forecasts, projections and/or analyses regarding the impact of the market entry of Teva's generic Lamictal product on GSK's sales and profits for branded Lamictal; and (d) Teva's pricing strategies for its generic Lamictal product.

A corporation cannot limit the scope of a Rule 30(b)(6) deposition notice by way of objection. *See* Fed. R. Civ. P. 37(d)(2); *Beach Mart, Inc. v. L & L Wings, Inc*., 302 F.R.D. 396, 406 (E.D.N.C. 2014) ("The proper procedure to object to a Rule 30(b)(6) deposition notice is not to serve objections on the opposing party, but to move for a protective order."); *New England Carpenters Health Benefits Fund v. First DataBank, Inc*., 242 F.R.D. 164, 165–66 (D. Mass. 2007) ("Unlike the procedure with respect to interrogatories, requests for production of documents and requests for admissions, there is no provision in the rules which provides for a party whose deposition is noticed to serve objections so as to be able to avoid providing the requested discovery until an order compelling discovery is issued."); *Robinson v. Quicken Loans, Inc*., No. 3:12-cv-00981, 2013 WL 1776100, at *3 (S.D.W. Va. Apr. 25, 2013) ("When a corporation objects to a notice of Rule 30(b)(6) deposition, the proper procedure is to file a motion for protective order. . . Consequently, once a Rule 30(b)(6) deposition

**COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP**
COUNSELLORS AT LAW

Honorable Cathy L. Waldor, U.S.M.J.
June 28, 2017
Page 4

notice is served, the corporation bears the burden of demonstrating to the Court that the notice is objectionable or insufficient. Otherwise, the corporation must produce an appropriate representative prepared to address the subject matter described in the notice."); *see also Ross v. J.P. Morgan Chase*, No. 2001/0040, 2003 WL 23218481, at *2 (D.V.I. Oct. 30, 2003) ("Gerken's statements that the deposition requests were 'voluminous' and objectionable are not well taken because he did not request additional time to prepare, neither did he seek a protective order regarding the targets of his objections."). As such, Teva's Objections are a legal nullity and, absent a protective order, Teva is obligated to produce sufficiently prepared corporate representatives whom will testify as to all of the topics set forth in Plaintiffs' Rule 30(b)(6) deposition notice.

## **OUTSTANDING DISCOVERY NECESSARY FROM GSK**

1. Dates for Depositions of GSK witnesses— Since May 1, 2017, Plaintiffs have continuously requested GSK to propose deposition dates for Christopher Viehbacher and Carol Ashe, who were both involved in the negotiation and drafting of the agreements challenged in this case. To date, GSK has not responded. In addition to the foregoing individuals, following—and based upon—the deposition of GSK's former Lamictal product manager, David Ballesteros, Plaintiffs also requested deposition dates for Robert Siek, Rick Proctor, Pamela Chavez, and Suzanne Sadler. Plaintiffs requested these depositions because Mr. Ballesteros identified these people as having more knowledge on the various issues that he. Despite this sworn testimony, GSK argued that "none of these individuals is likely to have Lamictal-specific knowledge that is relevant and material to the issues in this case." While Plaintiffs remain willing to work with GSK to resolve this issue, Plaintiffs should not be left to wait indefinitely for proposed deposition dates. Plaintiffs requested that GSK propose dates and locations for the foregoing depositions by June 30, 2017.

2. Date(s) for GSK's 30(b)(6) deposition on Topics 14-17 – GSK has been on notice of Plaintiffs' 30(b)(6) topics since the parties' May 1, 2017 conference call. Plaintiffs served a formal Rule 30(b)(6) notice consisting of 23 topics on GSK on May 19, 2017. On May 31 2017, Plaintiffs proposed dates for the various 30(b)(6) topics, including Topics 14-17. Testimony on Topics 14-17 are critical to Plaintiffs' case as they request testimony on the agreements at issue in this case, including the mechanism through which GSK transferred value to Teva. On June 21, 2017, Plaintiffs requested that GSK propose dates and locations for the foregoing depositions by June 30, 2017.

3. Response to Plaintiffs' Privilege Log Challenges – Plaintiffs sent a letter raising certain privilege log challenges on May 26, 2017. On June 21, 2017, Plaintiffs requested that GSK respond to this letter by June 30, 2017.

**COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP**
COUNSELLORS AT LAW

Honorable Cathy L. Waldor, U.S.M.J.
June 28, 2017
Page 5

4.  Request for Native Version of GSK-LA-1521671 – Plaintiffs requested a native version of this document by e-mail on June 8, 2017. On June 21, 2017, Plaintiffs requested that GSK produce the native document no later than June 23. GSK contends that it is delaying production of this document because it is the subject of the currently-pending dispute on which Plaintiffs and GSK briefed to Your Honor relating to discovery regarding agreements GSK entered with other companies permitting them to launch or sell authorized or licensed generic products.

## PROPOSED REVISED SCHEDULE

Even if Defendants were to meet every one of these discovery obligations by the dates Plaintiffs have requested, there will be only a month remaining for Plaintiffs to complete all of the necessary depositions—to say nothing of the necessary preparation which has been hindered by the above described production delinquencies. Moreover, new facts discovered in the forthcoming depositions may necessitate depositions of other witnesses (as Plaintiffs discovered during Mr. Ballesteros' recent deposition). It is for these reasons that Plaintiffs believe that a ten-week extension is appropriate and Defendants' six-week proposal is inadequate.

Based on all of the foregoing, Plaintiffs respectfully propose this revised schedule, which expands the fact discovery period by ten weeks, and adds ten weeks to all following deadlines:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Fact discovery closes, except for requests for admission pertaining to the admissibility of evidence. Discovery requests must be served to be answerable by this date. | July 24, 2017 | October 2, 2017 |
| Plaintiffs to serve expert reports | August 21, 2017 | October 30, 2017 |
| Defendants to serve opposition expert reports | December 1, 2017 | February 9, 2018 |
| Plaintiffs to serve rebuttal expert reports | February 5, 2018 | April 16, 2018 |
| Depositions of expert witnesses to be completed and expert discovery shall close | March 29, 2018 | June 7, 2018 |
| Plaintiffs to file and serve motion for class certification | April 16, 2018 | June 25, 2018 |
| Defendants to file and serve their opposition to motion for class certification | May 30, 3018 | August 8, 2018 |
| Plaintiffs to file and serve reply in further support of their motion for class certification | June 29, 2018 | September 7, 2018 |

**COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP**
COUNSELLORS AT LAW

Honorable Cathy L. Waldor, U.S.M.J.
June 28, 2017
Page 6

      For the reasons set forth above, Plaintiffs respectfully request that the Court adopt this proposed schedule and order the Defendants to produce the above enumerated discovery items forthwith.

                                      Respectfully submitted,

                                      */s/ Peter S. Pearlman*

                                      Peter S. Pearlman

PSP:mds

cc:     All Counsel of Record *(Via ECF)*