

Gavin J. Rooney
Partner

65 Livingston Avenue
Roseland, NJ 07068
T  973 597 2472
F  973 597 2473
grooney@lowenstein.com

June 30, 2016

**VIA ECF**

Honorable Cathy L. Waldor, U.S.M.J.
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 08608

Re:  *In re Lamictal Direct Purchaser Antitrust Litigation*
Master File No. 12-cv-995-WHW-CLW

Dear Judge Waldor:

Defendant GlaxoSmithKline LLC ("GSK") respectfully submits this letter response to Plaintiffs' June 28, 2017 submission (ECF No. 242).  GSK responds herein to the four minor issues Plaintiffs raise regarding GSK's discovery responses and to Plaintiffs' request that this Court extend the deadlines in the this case by ten weeks.  GSK does not believe the Court's intervention is necessary to resolve any of the issues Plaintiffs raise.  All of the information contained in this letter was conveyed to Plaintiffs on the same day they jumped the gun and filed their letter with the Court.  More importantly, however, GSK notes that despite its having asked Plaintiffs for deposition dates for four witnesses on May 24, 2017, Plaintiffs have offered dates for only one of the requested depositions (and did so mere minutes before this letter was filed).  This is a classic situation of the pot calling the kettle black.  GSK is a defendant in this case and is entitled to prompt and efficient resolution of what it believes are unsupportable claims.  While GSK has agreed to an extension of time sufficient to complete needed and legitimate discovery, this Court should not permit Plaintiffs to manufacture outstanding issues where none exist simply because they would like to take marginal discovery at a leisurely pace.

**Depositions (Issues 1 and 2)**

In stark contrast to Plaintiffs' failure to provide dates for all but one of the witnesses GSK has requested, GSK has provided Plaintiffs with deposition dates for five individuals and two Rule 30(b)(6) deponents prepared to cover 18 of the 23 topics that Plaintiffs proposed.  As a courtesy to Plaintiffs, GSK is in the process of attempting to locate and secure dates for the depositions of Christopher Viehbacher and Carol Ashe, former GSK employees over whose availability GSK has little control.  GSK is also in the process of attempting to secure a date for the deposition of a

Honorable Cathy L. Waldor, U.S.M.J.                                                                June 30, 2017
Page 2

30(b)(6) witness prepared to cover topics 14-16.[1]  GSK anticipates that it will be able to offer deposition dates for Mr. Viehbacher, Ms. Ashe, and a witness prepared to cover topics 14-16 shortly.

One week ago, Plaintiffs requested deposition dates for four additional witnesses.  GSK responded that the general topics about which those witnesses might have knowledge were 30(b)(6) topics about which GSK witness David Ballesteros already was produced to testify, and that none of the four individuals is likely to have Lamictal-specific knowledge that is relevant and material to the issues in this case.  While Plaintiffs are correct that Mr. Ballesteros identified some of the four individuals as those who also would have knowledge about certain topics about which he was prepared to testify, Plaintiffs do not, because they cannot, claim that Mr. Ballesteros was not reasonably prepared to testify on those topics or that he could not answer specific questions that sought relevant information.  Nor do they claim, again because they cannot, that Mr. Ballesteros identified these individuals as having relevant knowledge specific to Lamictal (as opposed to the general, non-product specific information, or non-material, irrelevant information related to manufacturing).  GSK asked Plaintiffs for more specific information as to these witnesses' relevance, which GSK believes Plaintiffs have an obligation to provide pursuant to their meet and confer obligations, but Plaintiffs refused to do so.

GSK already has agreed to produce witnesses for eight depositions, and while it is prepared to produce witnesses for two additional depositions, it will not agree to any beyond the number set by the Federal Rules in light of the tenuous nature of Plaintiffs' requests.  GSK asked Plaintiffs to advise which two of the four individuals Plaintiffs would like to depose so that GSK can attempt to secure dates for those depositions.  Plaintiffs have not yet responded.  Nonetheless, GSK believes that these deposition scheduling issues can be resolved among the parties in the near future, without Court involvement, if Plaintiffs comply with their meet and confer obligations and identify which two of the four they would like to depose.

**Privilege Log Challenges (Issue 3)**

On June 21, 2017, Plaintiffs requested a response to their letter raising certain challenges to GSK privilege logs by June 30, 2017.  Two days before that deadline, Plaintiffs listed GSK's failure to yet respond as an outstanding discovery issue in their submission to the Court.  GSK sent Plaintiffs a response today, as requested.  This issue did not merit raising with the Court in the first instance, and certainly does not require the Court's intervention now.

---

[1] As GSK noted in its June 27, 2017 brief to this Court (Doc. No. 241), it objects to topic 17 on the grounds that discovery regarding other drug products would be unduly burdensome and would not yield relevant information.

Honorable Cathy L. Waldor, U.S.M.J.                                              June 30, 2017
Page 3

**Native Version of GSK-LA-1521671 (Issue 4)**

As Plaintiffs' letter notes, whether GSK will produce a native version of GSK-LA-1521671 turns on the Court's resolution of the currently-pending dispute regarding Plaintiffs' requests for discovery about other drug products. As with the other issues Plaintiffs raised in their June 28 letter, Plaintiffs brought this issue to the Court's attention prematurely.

**Deadline Extension**

As the above paragraphs suggest, GSK approaches its discovery obligations in good faith. None of GSK's conduct has hindered Plaintiffs' ability to complete the necessary depositions by July 24, 2017, the current fact discovery deadline. That is in stark contrast to Plaintiffs' failure to provide any dates for all but one of their witnesses. In response to Plaintiffs' suggestion that a ten-week extension of deadlines is necessary, Defendants offered a compromise of six additional weeks. Plaintiffs have not explained to GSK or this Court why a six-week extension would be insufficient and indeed brought this issue to the Court before the parties had an opportunity to meet and confer. GSK is confident that the parties can jointly propose an amended scheduling order if Plaintiffs take seriously their meet and confer obligations and recognize, appropriately, that discovery is a two-way street.

Respectfully submitted,
s/ Gavin J. Rooney
Breedlove, Lindsay D.


cc:     All Counsel of Record (via ECF)