**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

In re: Lamictal Direct Purchaser Antitrust Litigation

Civil Action No. 12-995

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

Pending before the Court is Plaintiffs' unopposed motion, D.E. 510, to redact certain portions of pages 16, 18-19, and 22-25 of the Court's April 9, 2021 Opinion, D.E. 502. The Court filed the Opinion under seal because the Opinion appeared to contain otherwise sensitive and confidential information. *See* D.E. 503. The Court ordered the parties to file a joint motion to seal within 14 days of the entry of the Opinion. *Id.* Plaintiffs then filed their motion, D.E. 510, with proposed redactions attached Exhibits A and B, D.E. 511; D.E. 511-1. Plaintiffs seek to seal the portions of the Court's opinion discussing the prices that direct purchasers of the generic version of the drug Lamictal paid to Defendants Teva Pharmaceutical Industries LTD and its subsidiary Teva Pharmaceuticals USA, Inc. (collectively "Teva") as well as discounts those purchasers received. D.E. 510-1 at 2, ¶ 4; *see also* D.E. 502 at 16, 18-19, and 22-25. The Court decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, Plaintiffs' motion is granted.

"[W]hen a moving party seeks an order sealing court records, it must demonstrate that 'good cause' exists to overcome the presumption in favor of public access." *China Falcon Flying Ltd. v. Dassault Falcon Jet Corp.*, No. CV 15-6210 (KM), 2017 WL 3718108, at *2 (D.N.J. Aug.

29, 2017) (citing *Securimetrics, Inc. v. Iridian Techs., Inc.*, No. CIV. 03-04394 (RBK), 2006 WL 827889, at *2 (D.N.J. Mar. 30, 2006)). A "motion to seal is granted when the moving party's private interest to seal documents outweighs the public's interest in disclosing the information." *Id.* (citing *CDK Glob., LLC v. Tulley Auto. Grp., Inc.*, No. CV 15-3103 (KM), 2017 WL 870400, at *2 (D.N.J. Mar. 3, 2017)). Local Civil Rule 5.3(c)(3) sets forth the requirements for the contents of a motion to seal. L. Civ. R. 5.3(c)(3). Moving papers must address with particularity the following factors:

> (a) the nature of the materials or proceedings at issue;
> (b) the legitimate private or public interest which warrants the relief sought;
> (c) the clearly defined and serious injury that would result if the relief sought is not granted;
> (d) why a less restrictive alternative to the relief sought is not available;
> (e) any prior order sealing the same materials in the pending action; and
> (f) the identity of any party or nonparty known to be objecting to the sealing request.
> Such index shall also include, as to each objection to seal any material:
> (g) the materials to which there is an objection;
> (h) the basis for the objection; and
> (i) if the material or information was previously sealed by the Court in the pending action, why the materials should not be maintained under seal.

*Id.*

To satisfy the first factor, Plaintiffs must provide a detailed description of the material they wish to seal. *China Falcon Flying Ltd.*, No. CV 15-6210 (KM), 2017 WL 3718108, at *2 (citing *Horizon Pharma AG v. Watson Lab'ys Inc.-Fla.*, No. CV 13-5124 (JEI/JS), 2015 WL 12859244, at *1 (D.N.J. Sept. 14, 2015)). Plaintiffs indicate they wish to seal "competitively-sensitive information about the prices Plaintiffs' and Class members paid for generic Lamictal, including

any discounts they received and the pricing and discount patterns relative to other Direct Purchasers." D.E. 510-1 at 3. Exhibit A is a copy of the Court's Opinion, highlighted to show exactly what information Plaintiffs' seek to redact. Plaintiffs have provided a detailed description of the material they seek to seal.

The next two factors are analyzed together: "the legitimate private or public interest which warrants the relief sought" and "the clearly defined and serious injury that would result if the relief sought is not granted." L. Civ. R. 5.3(c)(3); *see also China Falcon Flying Ltd.*, 2017 WL 3718108, at *3. Plaintiffs claim they have an interest in "ensuring that their sensitive, non-public information about their Lamictal purchases and downstream prices remains confidential." D.E. 510-1 at 3. As to injury, Plaintiffs point to the previous declarations of Kristyn Fields, D.E. 426-3, and Susan Segura, D.E. 426-4, which attached as exhibits declarations of certain Plaintiffs' employees. The employees stated that disclosure of their "selling prices and practices[,]" which are not available under normal circumstances, "could increase the negotiating leverage of . . . customers and negatively impact [Plaintiff's] business." D.E. 426-4 at 6; *see also* D.E. 426-3 at 6. Those employees also testified that Plaintiffs' suppliers could use the confidential pricing information "to gain a competitive advantage in future business negotiations." D.E. 426-4 at 6; *see also* D.E. 426-3 at 6. Courts in this district have found that similar interests and injuries readily satisfy L. Civ. R. 5.3(c)(3)(c) and L. Civ. R. 5.3(c)(3)(d). *See e.g.*, *China Falcon Flying Ltd.*, No. CV 15-6210 (KM), 2017 WL 3718108, at *3 ("[T]here is a legitimate private interest in keeping confidential business agreements and sensitive pricing information confidential . . . a moving party's loss of competitive standing in the current market is the type of serious injury that calls for the protection of confidential material."). Plaintiffs satisfy both of the factors.

The next factor is "why a less restrictive alternative to the relief sought is not available." L. Civ. R. 5.3(c)(3). The Court finds that there are no less restrictive means. Exhibit A to Plaintiffs' motion shows that Plaintiffs only seek to redact those limited aspects of the Opinion, D.E. 502, that identify discounting strategies and patterns for customer groups, specific prices paid for generic Lamictal, and the identities of the customers that fall into specific customer groups. *See* D.E. 511-1.

The next factor requires Plaintiffs to identify all prior orders sealing the same materials in this case. *See* L. Civ. R. 5.3(c)(3)(e). Plaintiffs' motion indicated that the information for which they now seek sealing were part of the materials ordered sealed by both the Third Circuit on April 12, 2020, D.E. 510-1 at 2, ¶ 6, and by Judge Waldor on November 16, 2018 and September 21, 2020. *Id*. at 2-3, ¶¶ 7-9. Plaintiffs have met their burden.

Finally, because there are no objections to Plaintiffs' motion to seal, D.E. 510-1 at 1, ¶ 3, factors (f) through (i) do not apply.

Accordingly, the Court finds that Plaintiffs have met all factors under L. Civ. R. 5.3(c)(3) and have shown good cause as to why the requested portions of the Court's Opinion should be redacted.

Therefore, for good cause shown,

**IT IS** on this 29th day of April 2021,

**ORDERED** that Plaintiffs' unopposed motion, D.E. 510, to redact certain portions of pages 16, 18-19, and 22-25 of the Court's April 9, 2021 Opinion, D.E. 502, is **GRANTED**; and it is further

**ORDERED** that within seven (7) days, Plaintiffs shall submit a copy of the Court's Opinion with the approved redactions (without any header generated by the Court's electronic filing system) to the following email address: njdnef_vazquez@njd.uscourts.gov.

_____
John Michael Vazquez, U.S.D.J.