

Park 80 West–Plaza One
250 Pehle Avenue
Suite 401
Saddle Brook, NJ 07663

(201) 845-9600 Main
(201) 845-9423 Fax

njlawfirm.com

Matthew F. Gately, Esq.
mfg@njlawfirm.com
Direct Line: (551) 497-7189

April 17, 2026

**VIA ECF**

Hon. Cari Fais, U.S.M.J
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

> Re:  *Louisiana Wholesale Drug Co., Inc., et al. v. GlaxoSmithKline LLC, et al.*,
> Case No. 2:12-cv-00995

Dear Judge Fais:

The parties write pursuant to the Court's directive to "file a joint proposed scheduling order" regarding Plaintiffs' appeal of Magistrate Judge Cathy L. Waldor's July 30, 2025 Order (the "July 30 Order"). (ECF 697).[1] The parties have exchanged multiple emails and held a telephonic meet-and-confer on Monday, April 13, 2026 to discuss a proposed scheduling order, but we were unable to reach agreement. Accordingly, each side's proposed scheduling order is set forth below.

### I.    PLAINTIFFS' POSITION

This case, originally a putative class action, was filed 14 years ago. (ECF 1.)  Plaintiffs' proposed scheduling provides for an efficient and prompt resolution of the current dispute about the propriety of Defendants' new expert reports, and it provides deadlines through trial to move this case along. This is consistent with this Court's order to the parties to develop a scheduling order "regarding pretrial deadlines." (ECF 695.)  In stark contrast, Defendants' proposed schedule seeks to brief the instant dispute multiple times—ignoring that it has already been briefed multiple times—injecting further delay into the case, and it does not provide any deadlines that would move this case along to trial. The Court should enter Plaintiffs' schedule and reject efforts to multiply these proceedings.

In granting Plaintiffs' Rule 72(a) appeal and remanding the matter to Your Honor, Judge Semper held that the operative scheduling order "contemplated only the supplementation of

---

[1]  The deadline for the filing was extended. ECF 700.

existing expert reports based on new allegations and new discovery related to the new Plaintiffs." ECF 698 at 8, 11. Whether Defendants' new expert reports are proper "is a matter within the Magistrate Judge's discretion after she reviews the reports." *Id.* at 12.

Because this question has already been comprehensively briefed, the Court already has before it everything needed to render a decision on remand in short order. Plaintiffs had previously requested briefing on these issues before retired Judge Waldor, and that very briefing did, in fact, take place before Judge Semper; the briefing of Plaintiffs' Rule 72(a) appeal includes all the pertinent expert reports and exhaustively reviews the facts and arguments presently before the Court, without the need to burden the Court with still more paper. This briefing even includes a chart that recites on a paragraph-by-paragraph basis the pertinent portions of Defendants' new expert reports relative to their earlier reports. *See* ECF 670-8. Rehashing all of this in a fresh round of briefing—let alone multiple rounds—will only waste time and resources while delaying this long-delayed case even longer.

Defendants have repeatedly rehearsed their contrary arguments already. *See* ECF 647, 648, 668, 676.

For these reasons, Plaintiffs propose the following schedule, which contemplates resumption of the schedule set forth in the operative scheduling order (ECF 580), followed by dates for dispositive motions and trial:

| Event | Date |
| --- | --- |
| Submission of joint proposed scheduling order | April 17, 2026 |
| Resumption of expert discovery[2] | May 18, 2026 |
| Plaintiffs serve rebuttal reports | June 17, 2026 |
| Deadline for depositions of individual damages experts | July 17, 2026 |
| Deadline for dispositive motions / *Daubert* challenges | September 1, 2026 |
| Oppositions to dispositive motions / *Daubert* challenges | November 2, 2026 |
| Replies in support of dispositive motions / *Daubert* challenges | December 2, 2026 |
| Trial | April 2, 2027 |

---

[2] To the extent that the Court determines that some or all of the New Expert Reports are permissible under the New Scheduling Order, all subsequent deadlines will be extended 60 additional days.

## II.    DEFENDANTS' POSITION

### 1.    Briefing Is Required to Resolve Whether Defendants' Expert Reports Are Within Scope

On March 31, 2026, Judge Semper granted Plaintiffs' appeal (Dkt. 669) of Magistrate Judge Waldor's July 30, 2025 decision (Dkt. 668) finding that Defendants' new or amended expert reports served on May 30, 2025 (the "New Expert Reports") were within her November 9, 2023 scheduling order (Dkt. 580, the "New Scheduling Order").  *See* Dkt. 698 (the "Opinion").  In that Opinion, Judge Semper did not rule or opine on whether the New Expert Reports fell within the New Scheduling Order, but instead held that Magistrate Judge Waldor made a procedural misstep by failing to review the New Expert Reports before concluding they fell within the scope of the New Scheduling Order.  Op. at 11-12.  Judge Semper made clear that his decision "should not be read as a conclusion that the new supplemental expert reports may only cite to new discovery or may not modify prior expert opinions, or that the New Expert Reports are entirely impermissible," but rather left it to this Court to decide.  *Id.* at 12.  Judge Semper acknowledged, Op. at 10, and Magistrate Judge Waldor specifically observed, that resolving whether these reports were within the scope of the New Scheduling Order was a "tough ask," because it involves weighing the parties' differing interpretations of Defendants' reports. July 30, 2025 Hearing Tr. 46:14-21. Defendants propose an expedited process for the parties to submit the necessary briefing to allow the Court to weigh the parties' competing interpretations and determine to what extent the New Expert Reports fall within the scope of the New Scheduling Order in accordance with Judge Semper's guidance.

Defendants believe as a threshold matter that Plaintiffs should move to exclude whatever opinions in the New Expert Reports that they believe fall outside the scope of the New Scheduling Order.  Defendants, then, would have the opportunity to respond to Plaintiffs' motion, giving the Court an adequate record to resolve this threshold dispute. Simultaneously with the briefing on Plaintiffs' motion, GSK would submit a motion under Rule 16(b) to substitute patent expert Teresa Stanek Rea for patent expert Martin Adelman, as the parties agree Ms. Rea's report falls outside the scope of the New Scheduling Order as recently interpreted by Judge Semper.

Although Plaintiffs now insist that briefing on whether the New Expert Reports fall within the New Scheduling Order is not necessary, that position is belied by Plaintiffs' own arguments in support of their appeal of Magistrate Judge Waldor's order.  There, Plaintiffs argued that Magistrate Judge Waldor clearly erred **by *not*** permitting briefing on this very issue before rendering judgment, thereby "depriv[ing]" Plaintiffs "of their basic right to have evidence of their position put before the Court."  Dkt. 670 at 30.  Now, in a self-interested about-face, Plaintiffs claim briefing is not necessary because the appeal record is sufficient to decide this dispute.

Contrary to Plaintiffs' newly adopted position, Defendants have not "repeatedly rehearsed their contrary arguments" on the issue, and the appeal record is not sufficient to allow the Court to analyze whether and how Defendants' New Expert Reports comport with the New Scheduling

3

Order.  The issue on appeal was whether Judge Waldor properly found that the New Scheduling Order did not implicitly limit the scope of permitted expert reports.  Defendants did not brief, and Judge Semper did not consider, whether, or to what extent, the New Expert Reports comported with implicit limitations in the schedule.  Although Plaintiffs attached as an exhibit to their appeal filing their July 3, 2025 letter to Defendants that describes specific objections to certain portions of Dr. Anupam Jena's expert report, that letter was sent to Defendants prior to the meet and confers between the parties, and it was never put before Judge Waldor.  And, because the appeal of Judge Waldor's order focused on an entirely different question—namely, whether (as Judge Waldor held), the New Scheduling Order on its face allowed for unrestricted supplemental expert reports—Defendants never responded in writing to Plaintiffs' July 3 objections, which presupposed that the New Scheduling Order was more limited.  *See* Defs. Opp. to Plfs. Appeal, Dkt. 676 at 10-11.  Thus, the one-sided appeal record[3] is not sufficient to resolve this threshold issue, which the parties and the Court recognize involves weighing the parties' competing views.

**2.    After the Threshold Scope Issue Is Resolved, the Parties Should Be Permitted (if Necessary) to File Appropriate Motions Under Rule 16(b) and/or *Pennypack***

As explained above, the appropriate path forward is for the parties first to brief the threshold (and potentially dispositive) question of whether the at-issue expert opinions fall "within the New Scheduling Order." Op. at 11.  If the Court finds any opinions outside the scope of the New Scheduling Order, then Defendants should be afforded the opportunity to move under Rule

---

[3] None of Defendants' other submissions or statements are sufficient to resolve this issue either.  For example, Defendants' letter to Judge Waldor at Dkt. 647 devoted a single paragraph to explaining generally how discovery from Plaintiffs goes to the core of the case and bears directly on multiple areas of expert inquiry.  Likewise, at the June 2025 and July 2025 conferences before Judge Waldor, *see* Dkt. 676 and 648, Defendants argued about the scope of the New Scheduling Order and the *existence* of any limitations, not to what extent the New Expert Reports adhered to any such limitations.  Tellingly, Plaintiffs give no specific citations to the record showing Defendants' arguments concerning why specific opinions in the New Expert Reports comply with implicit limitations in the New Scheduling Order.  Defendants have had neither the opportunity nor reason to explain to the Court their rationale for why specific challenged sections or paragraphs of the New Expert Reports fall within the New Scheduling Order, and—consistent with Judge Semper's Opinion and Plaintiffs' prior arguments—must be afforded the opportunity to do so now.

As Defendants will make clear, the paragraphs of Defendants' expert reports that Plaintiffs challenge are within the scope of the New Scheduling Order.  Many of those paragraphs are the result of robust new evidence Defendants obtained from Plaintiffs about issues including the competition between GSK and Teva in the actual world, Plaintiffs' use of that competition to extract significant additional price concessions from Teva, and Plaintiffs' attempt to thwart that competition to serve their own profit motives.  Defendants' expert reports also address targeted, new allegations by Plaintiffs, respond to opinions and methodologies in Plaintiffs' newly served report by Dr. Lamb, or substitute updated data processing from Defendants' damages expert report, which Plaintiffs acknowledge is within the New Scheduling Order.

16 and/or assert arguments under *Pennypack*, that are narrowly tailored to address any remaining disputed opinions. This is the most focused, efficient and procedurally proper path forward.

*First*, following a two-phase briefing process—where the threshold issue of whether Defendants' reports are within the scope of the New Scheduling Order is briefed first—will permit the parties to submit focused briefing that "compare[s] the contents of the New Expert Reports" against the new allegations or evidence (including a new report from Plaintiffs' expert, Dr. Lamb) related to those opinions. Op. at 11. Plaintiffs previously claimed that process requires a "paragraph-by-paragraph" inquiry of the hundreds of paragraphs in Defendants' challenged expert reports. Dkt. 670, at 18. To take but one example, in their July 3 letter, Plaintiffs insist that 146 paragraphs in Dr. Jena's report contain opinions that fail to comply with the New Scheduling Order, each of which would require this Court's careful review to determine whether those opinions are related to developments in this action or otherwise comply with the New Scheduling Order. As a result, it makes sense for the parties to first brief this "threshold," potentially dispositive issue—an issue that will involve thorough and detailed briefing—without muddling those submissions with potentially irrelevant and unfocused Rule 16 and *Pennypack* arguments that would have to cover every disputed paragraph, thereby doubling the parties' briefing and this Court's review. And, because Defendants believe that—with the exception of the substitution of GSK's patent expert, *see supra*—their New Expert Reports fall within the scope of the New Scheduling Order, Defendants' two-phased approach could avoid unnecessary and irrelevant briefing altogether. The District Court's ruling recognized as much, and implicitly endorsed this two-stage briefing, when it observed that this Court "may determine that the New Expert Reports are within the New Scheduling Order and Rule 16 and/or *Pennypack* are inapplicable." Op. at 11.

*Second*, Defendants' two-phased approach is the procedurally proper vehicle for resolving this dispute under the Federal Rules of Civil Procedure and this District's precedent. Defendants have already served the at-issue expert reports. If any of the opinions within those reports fall outside the scope of the New Scheduling Order and are therefore untimely, Rule 16(b) allows Defendants to seek leave to revise the scheduling order, and *Pennypack* allows Defendants to explain why the expert opinions should be permitted notwithstanding their untimeliness. *See Otsuka Pharm. Co. v. Aurobindo Pharma Ltd.*, 2017 WL 11463663, at *4-6 (D.N.J. Sept. 15, 2017) (granting party's Rule 16 motion to modify the scheduling order to permit party to add an expert after the expert-discovery deadline); *In re Johnson & Johnson Talcum Powder Prods. Mktg., Sales Pracs., & Prods. Liab. Litig.*, 2024 WL 532026, at *3 (D.N.J. Feb. 9, 2024) (explaining that *Pennypack*'s purpose is "to determine whether an untimely disclosure is harmless" and so can be permitted despite its untimeliness). Defendants bear the burden on both, so once any untimely opinions are identified, it is most appropriate to have Defendants initiate any briefing on whether these opinions should be permitted.

### 3. It Is Premature to Set a Schedule Beyond the Instant Briefing Sequences

Plaintiffs' request for a schedule for the remainder of expert discovery, dispositive motions, *Daubert*, and a trial date is premature. Both parties vigorously dispute whether the at-issue expert reports are permissible, and both parties agree that the scope of expert discovery following the resolution of this dispute "will depend on" this Court's "ruling." Dkt. 684 at 2. Not to mention that, given the importance of these expert reports and the history of this case, there is a significant possibility that the party on the losing end of this dispute will appeal any decision. Plaintiffs have already promised this Court that they would appeal a decision allowing *any* of the challenged expert discovery all the way to the Third Circuit, *see* June 5, 2025 Hearing Tr. 18:1-4, and confirmed on the parties' recent meet and confer that they have not backed off from that position.

The resolution of this dispute will inform the scope of the necessary expert discovery, which in turn will inform how much time the parties will require to complete that discovery and when dispositive motions and *Daubert* motions may be appropriately briefed and heard. As just one example, Plaintiffs ask this Court to so-order a discovery schedule that provides only for depositions of *damages* experts, but conceded at the parties' meet and confer that Plaintiffs would seek to modify the schedule to obtain additional depositions should this Court agree with Defendants that the other New Expert Reports are proper. Given the undisputed uncertainty—including the likelihood that any decision will be appealed—it makes no sense to set deadlines for the scope of expert discovery, dispositive motions or trial (especially the aggressive dates Plaintiffs propose), as those dates, and the scope of the parties' activities, would surely need to be changed repeatedly. Therefore, the appropriate and reasonable path forward at this time is for the Court to set deadlines only for the expert report dispute.

### 4. Defendants' Proposed Schedule

Accordingly, in light of the above, Defendants respectfully request the Court adopt the below schedule. However, if the Court is inclined to set dates for summary judgment, *Daubert* briefing, and trial, Defendants respectfully request that the Court select dates that will provide sufficient time to resolve this expert report dispute, conclude expert depositions, and avoid the need to repeatedly adjust deadlines.

**GSK's Rule 16(b) Motion re Adleman Substitution:**
- 30 days from date of decision on the parties' scheduling dispute: GSK files opening brief.
- 30 days from submission of opening brief: Plaintiffs file opposition brief.
- 15 days from submission of opposition brief: GSK files reply, if any.

**Plaintiffs' Motion re Scope of Scheduling Order:**
- 30 days from date of decision on the parties' scheduling dispute: Plaintiffs file opening brief.
- 30 days from submission of opening brief: Defendants file opposition brief.
- 15 days from submission of opposition brief: Plaintiffs file reply, if any.

**Additional Rule 16(b)/Pennypack Motions (If Needed):**

- 30 days from date of decision on Plaintiffs' Motion re Scope of Scheduling Order: Defendants file opening brief.
- 30 days from submission of opening briefs: Plaintiffs file opposition.
- 15 days from submission of opposition briefs: Defendants file reply, if any.


Respectfully submitted,


*/s/ Matthew F. Gately*
Matthew F. Gately
Counsel for Plaintiffs

*/s/ Liza M. Walsh*
Liza M. Walsh
Counsel for Defendants Teva Pharmaceutical
Industries Ltd. and Teva Pharmaceuticals USA, Inc.

*/s/ Melissa A. Chuderewicz*
Melissa A. Chuderewicz
Counsel for Defendant GlaxoSmithKline LLC